IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) No. 3:04-CR-30050 (DRH) |
| vs. | ) |
| | ) 18 U.S.C. Section 111(a)(1) |
| OLIVER DOTTS, | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

COMES NOW defendant, Oliver Dotts, by and through counsel Alok Kale, and hereby submits the following sentencing memorandum in advance of the status conference presently scheduled for Thursday, February 3, 2005.

1. *Whether the defendant should be sentenced for a misdemeanor or a felony*

The Court has asked counsel to address the issue of whether Mr. Dotts should be sentenced to a misdemeanor or a felony based upon his guilty plea entered on October 8, 2004. Under 18 U.S.C. § 111 "where the acts alleged in violation of this section constitute only simple assault," the maximum penalty authorized by statute is not more than one year imprisonment. 18 U.S.C. § 111(a)(2). In all other cases the maximum penalty authorized by statute is imprisonment for not more than three years. 18 U.S.C. § 111(a)(2). "All other cases" assault is a Class D felony while "simple assault" is a Class A misdemeanor.

Precedent from other circuits indicates that, in order to sustain a conviction for "non-simple" or "all other cases" assault under this section, the indictment must charge and the government must prove each element of non-simple assault to a jury beyond a reasonable doubt. United States v. McCulligan, slip op. at 4 (3rd Cir. 2001); United States

v. Hathaway, slip op. at 5 (10th Cir. 2003). Notwithstanding this authority, Mr. Dotts concedes that the rule of law announced by the Supreme Court in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) and expanded upon in United States v. Blakely, 124 S.Ct. 2531 (2004) controls the instant case.

In Apprendi the Supreme Court stated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi at 2362-63. Moreover, in Blakely, the Court stated that "the statutory maximum for Apprendi purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant*. (emphasis added). The plea agreement in this case contained a stipulation of facts wherein Mr. Dotts admitted to striking Deputy U.S. Marshal Kevin Castleman and causing injury which required some treatment. Mr. Dotts submits that the facts admitted to within the stipulation fall within the purview of the "all other cases" assault described in 18 U.S.C. § 111, thereby establishing the statutory maximum at three years. Mr. Dotts thus waives any challenge as to whether or not he should be sentenced for a misdemeanor or a felony and understands that, after the Supreme Court's decision in United States v. Booker, ___ S.Ct. ___, 2005 WL 50108 (2005), this Court is free to impose a sentence anywhere within the statutory range.

2. *A sentence at the low end of the guideline range is appropriate*

Although the plea agreement entered into between the government and Mr. Dotts, based upon a preliminary review of his criminal history, contemplated a guideline range of 37-46 months, the Presentence Investigation Report ("PSR") correctly indicates that the defendant does not qualify as a Career Offender and that the proper guideline range is

2

therefore 15-21 months. Neither the defendant nor the government have presented any objections to the PSR and the government has agreed to recommend sentencing at the low end of the range ultimately found by the Court. Plea Agreement at 5. Mr. Dotts acknowledges that his criminal history is quite serious, however it is his contention that there is nothing within that criminal history which warrants either a departure outside of the guideline range or a sentence above the government's recommendation and the defendant's request for the low end of the range.

Regarding the instant offense, Mr. Dotts became aware of an outstanding state warrant and proceeded to the United States Marshals office in East St. Louis to self-surrender. He chose the Marshal's office because of his prior dealings with them and the trust they had established with him. Unfortunately, as he was being arrested, something within him was triggered and he temporarily lost control of his faculties, leading him to lash out at the Deputy Marshal who was placing him under arrest. Mr. Dotts has an extensive history of mental health problems and has been diagnosed with bipolar schizophrenic disorder, for which he has been on medication for a number of years. In no way is Mr. Dotts attempting to minimize the severity of the offense with which he stands charged, however he would like the Court to understand that his mental instability combined with his failure to take the proper medication caused him to act in the manner which led to his being charged. His intention at the time was simply to turn himself in and address the problem presented by the state warrant, however it soon devolved into a much more serious situation. His actions clearly were not those of someone who was in a stable frame of mind. He sincerely regrets this incident and is truly remorseful for any

injury he may have caused. He hopes that this Court will take his mental condition into account and sentence him accordingly at the low end of the guideline range.

WHEREFORE for the foregoing reasons defendant respectfully requests this Honorable Court adhere to the guideline range and the government's recommendation and impose a sentence of 15 months in the Bureau of Prisons.

Respectfully Submitted,

**/s/ Alok Kale**

Alok Kale, S.D. No. 06271786
Humphrey, Siegler & Kale, LLC
1221 Locust, Ste. 504
St. Louis, MO 63103
Phone No. (314) 621-1765
Fax No. (314) 621-0020

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Ms. Angela Scott; Assistant United States Attorney; Southern District of Illinois; Nine Executive Drive; Fairview Heights, IL 62208 on this 1st day of February, 2005.

**/s/ Alok Kale**