IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 04-30050-DRH |
| | ) | |
| OLIVER M. DOTTS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the United States of America, by its attorneys Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, and Angela Scott, Assistant United States Attorney for said district, and, in support of this Response to Defendant's Sentencing Memorandum, states as follows:

The Government concurs with Defendant Dotts that he should be sentenced to a felony offense. While the Government is aware that certain Courts of Appeals have held that, when physical contact is not alleged in the indictment, the defendant is subject only to a misdemeanor conviction, the Government notes that this case law is not binding on this Court. *See e.g., United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003); *United States v. McCulligan*, 256 F.3d 97, 104 (3d Cir. 2001). More importantly, however, this position has not been adopted by either the Seventh Circuit Court of Appeals or the United States Supreme Court. Therefore, the Government respectfully requests that the Court impose a felony conviction on the defendant.

Even if the Court holds that it should follow this case law in the instant case, it is the Government's position that the defendant's stipulation to the physical contact is sufficient to impose a felony conviction under Title 18, United States Code, Section 111(a). This position is supported

by *United States v. Yates*, 304 F.3d 818, 819 (8th Cir. 2002), in which Yates pled guilty to assaulting a federal officer under Title 18, United States Code, Section 111(a). Despite there being no allegation of physical contact in the indictment, the Court of Appeals found that the defendant's conduct in swerving towards the arresting officers' vehicle with his own vehicle, forcing the arresting officers to veer out of his path, "was not a simple assault;" and therefore the defendant was subject to the three year statutory maximum. *Id.* at 820-21, 823. The Court noted that the "undisputed facts" of the defendant's conduct were set forth in the PSR, and also that the parties had verbally agreed that the maximum penalty would be not more than three years. *Id.* As in *Yates*, the facts are undisputed that there was physical contact by the defendant against Deputy United States Marshal Kevin Castleman. *See Stipulation of Facts*, at 2. Moreover, the plea agreement signed by both parties explicitly provided that the defendant was subject to a statutory maximum of not more than eight years. *See Defendant's Agreement to Plead Guilty*, at 4. Finally, the defendant acknowledged, as part of the plea agreement, that he was pleading guilty to a felony conviction. *Id.* at 2.

Further, *Hathaway* and *McCulligan* are factually distinguishable from the instant case. Among the differences set forth below, both cases involved situations where a defendant was found not guilty of certain conduct by a jury, but this same conduct was later used by the district court to impose a felony conviction under section 111(a). Both district courts found that the defendant's conduct constituted "all other cases" assault, rather than "simple assault" under section 111(a), despite the jury's failure to convict the defendant of an offense based on this same conduct. This is clearly not the situation present in the instant case. Here, the defendant is being sentenced solely based on conduct to which he stipulated. *See Stipulation of Facts*, at 2.

In addition, the defendant in *McCulligan* was charged with one count of assaulting a federal officer under Section 111(a) and two counts of assaulting a federal officer with a deadly or dangerous weapon under 111(b). 256 F.3d at 99. A jury convicted the defendant only of the assault charged under subsection (a). *Id.* At sentencing, however, the district court overruled the defendant's argument that his punishment could not exceed one year because his conduct constituted only simple assault; finding instead that his actions constituted aggravated assault. *Id.* The district court proceeded to sentence the defendant pursuant to the three year statutory maximum applicable to "all other cases" assault under subsection (a). *Id.* The Eight Circuit Court of Appeals reversed, holding that "under § 111(a), proof of actual contact is required to sustain a conviction for any crime beyond simple assault." *Id.* at 104. After analyzing the evidence presented at trial, the Appellate Court concluded that there was "no evidence of actual contact by [the defendant]." *Id.* The Appellate Court then remanded the case for re-sentencing. *Id.* at 107. Unlike *McCulligan*, there is ample, undisputed evidence of physical contact by the defendant. *See Stipulation of Facts*, at 2.

In *Hathaway*, the indictment charged the defendant with assaulting a federal officer, but contained no factual details of the defendant's conduct or any allegation of any physical contact by the defendant. 318 F.3d at 1004. Attached to the indictment was a separate page setting forth the possible penalties, which provided that the defendant faced a term of imprisonment of not more than three years. *Id.* At trial, the district court instructed the jury of the necessary elements to convict the defendant of assaulting a federal officer under Title 18, United States Code, Section 111(a)(1). *Id.* The jury was not instructed that it had to find physical contact to convict the defendant. *Id.* The jury found the defendant guilty "as charged in the indictment." *Id.* at 1005. At sentencing, the defendant argued that his conviction should be classified as a misdemeanor because the indictment

3

and jury instructions only charged simple assault. *Id.* The district court rejected the defendant's assertions, noting that he had been put on notice that he was facing a felony violation of section 111(a) by the indictment's reference to the applicable penalties. *Id.*

The Tenth Circuit Court of Appeals reversed, finding that "either actual physical contact or the intent to commit murder or any felony other than those referred to in § 113(a)(2) is a required and essential element of the felony offense of "all other cases" assault under § 111(a)." *Id.* at 1009. Consequently, because neither of these elements were included in the indictment, the Appellate Court held that the indictment failed to allege a "required and essential element" of the crime for which the defendant was convicted (i.e., "all other cases" assault). *Id.* Moreover, the Appellate Court, while noting the penalty page attached to the indictment, held that it was insufficient to put the defendant "on fair notice that he needed to defend against the felony charge." *Id.* at 1010. Accordingly, the Appellate Court remanded the case to the district court so that the defendant's records could be corrected to reflect his conviction for a misdemeanor, rather than a felony, violation of section 111(a). *Id.* This is not the situation present in this case. Here, the defendant stipulated to the necessary element of actual physical contact to warrant inclusion as an "all other cases" assault. *See Stipulation of Facts*, at 2. Furthermore, the defendant clearly had fair notice that he was facing a felony charge. *See Defendant's Agreement to Plead Guilty*, at 2, 4. Consequently, the defendant should be subject to a felony conviction for the offense of assaulting a federal officer.

WHEREFORE, the United States prays that the Court sentence Defendant Dotts to a felony violation of Title 18, United States Code, Section 111(a).

    Respectfully submitted,

    RONALD J. TENPAS
    United States Attorney

    /s/   Angela Scott
    Angela Scott
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, Illinois  62208
    (618) 628-3700  Telephone
    (618) 628-3730  Facsimile
    E-mail: Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 04-30050-DRH |
| | ) | |
| OLIVER M. DOTTS, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2005, I electronically filed the Government's Response to Defendant's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

        Alok Kale, Esq.
        1221 Locust St., Ste. 504
        St. Louis, Missouri 63103

        Respectfully submitted,

        RONALD J. TENPAS
        United States Attorney

        /s/   Angela Scott
        Angela Scott
        Assistant United States Attorney
        Nine Executive Drive
        Fairview Heights, Illinois 62208
        (618) 628-3700 Telephone
        (618) 628-3730 Facsimile
        E-mail: Angela.Scott@usdoj.gov