IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 04-30050-DRH |
| OLIVER M. DOTTS, | ) | |
| Defendant. | ) | |

**<u>SENTENCING MEMORANDUM</u>**

COMES NOW Defendant Oliver M. Dotts, by his attorney, Assistant Federal Public Defender Daniel G. Cronin, and respectfully submits the following sentencing memorandum.

### I. Introduction

At the revocation hearing set for November 7, 2007, Oliver Dotts will admit the only violation of supervised release alleged against him: The unlawful possession of controlled substances, cocaine and marijuana, on October 26, 2007.

Oliver Dotts asks that instead of a term of imprisonment, he receive six months of community confinement at a facility such as Franklin-Williamson Human Services in Marion, Illinois. That facility or one like it could offer Oliver Dotts drug abuse treatment, anger management, and mental health treatment - all of which are sorely needed by Mr. Dotts.

### II. Rationale Behind Revocation Sentences

The Seventh Circuit has emphasized that "The violation of a condition of supervised release is not a crime as such, but it is a 'breach of trust,' and a ground for revocation of supervised release." <u>United States v. Hill</u>, 48 F.3d 228, 232 (7th Cir. 1995), quoting United States Sentencing Comm'n, *Guidelines Manual* 326-17 (Nov. 1, 1994).

Certainly, the advisory Sentencing Guidelines manual "permits limited recognition of the

defendant's breach relative to his criminal history when the court imposes a revocation sentence..." United States v. McClanahan, 146 F.3d 1146, 1151 (7th Cir. 1998), quoting U.S.S.G., ch. 7, pt. A, § 3(b). However, any sentence imposed upon Oliver Dotts at his revocation hearing should primarily be designed to address his breach of trust, not to punish his possession of controlled substances:

> Just as revocation for parole is not intended to serve as punishment for the subsequent misconduct that results in the revocation, revocation of supervised release is similarly designed to meet objectives entirely distinct from punishing the subsequent misconduct. Indeed, the Sentencing Commission expressly views violations of the conditions of supervised release as a "breach of trust" and considers "The sentence imposed upon revocation [of supervised release as] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense." United States Sentencing Commission, Guidelines Manual, Ch. 7 Pt. A § 3(b).

United States v. Wyatt, 102 F.3d 241, 245 (7th Cir. 1996), cert. denied, 520 U.S. 1149, 117 S.Ct. 1325 (1997).

It is respectfully submitted that this Court has shown little faith in Oliver Dotts, and should therefore moderate any sentence imposed due to the fact that there was very little trust for Oliver Dotts to breach. One way of showing trust is to have given the defendant a lenient sentence in the underlying criminal case. *See, e.g.*, United States v. Headrick, 963 F.2d 777, 782 (5th Cir. 1992). Another way to have shown trust is to impose a series of modifications on the terms of supervised release before ultimately revoking that supervised release. *See* United States v. Salinas, 365 F.3d 582, 589 (7th Cir. 2004) ("Yet, over the course of his supervised release, Salinas had not only violated the conditions of that release on multiple occasions, but had continued to do so notwithstanding the increasingly onerous modifications (counseling, home confinement, and finally a 90- to 120- day period in jail) that the court had imposed in an effort to modify his behavior.").

Since little trust was placed in Oliver Dotts, his penalties should be correspondingly limited.

### III. Discretion To Refrain From Revoking Oliver Dotts' Supervised Release

### A. This Court Need Not Revoke Oliver Dotts' Supervised Release Because Of His Grade B Violations

#### 1. Statutory Language

As noted above, Oliver Dotts will be admitting at his revocation hearing that he possessed controlled substances while on supervised release. Admittedly, Congress provided for revocation of supervised release and for a term of imprisonment in cases involving drug possession:

> (g) Mandatory revocation for possession of controlled substance or firearm or for refusal to comply with drug testing. - If the defendant -
> (1) possesses a controlled substance in violation of the condition set forth in subsection (d)...
>
> the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(g).

However, in section (d) of the same statute, Congress gave courts discretion to not apply the dictates of 18 U.S.C. § 3583(g). This statutory exception states:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d).

Since Oliver Dotts failed a drug tests, he falls squarely within the statutory exception to mandatory revocation and imprisonment.

## 2. Caselaw

Given the unambiguous language of 18 U.S.C. 3583(d), courts have had no difficulty concluding that Congress intended courts to have discretion regarding the revocation of supervised release and the imposition of terms of imprisonment. For example, the Second Circuit has explained:

> A court must revoke a defendant's supervised release in some circumstances, including when the defendant possesses a controlled substance or tests positive for an illegal controlled substance more than three times over the course of a year. *See* 18 U.S.C. § 3583(g). Pursuant to 18 U.S.C. § 3583(d), however, a court may "carve out an exception to § 3583(g) where a substance abuse program is available and appropriate."

United States v. Lewis, 424 F.3d 239, 244 (2nd Cir. 2005), quoting United States v. Wirth, 250 F.3d 165, 170 (2nd Cir. 2001); *see also* United States v. Jemerson, 132 Fed.Appx. 488, 489 (4th Cir. 2005); United States v. Johnson, 54 Fed.Appx. 426, 429-30 (6th Cir. 2002).

Similarly, when faced with the same issue in the context of a probation revocation case, another district court held that drug treatment was an alternative to incarceration:

> The question before the court is whether, under the provisions of 18 U.S.C.A. §§ 3563 and 3565 (West Supp. 1997), which govern the conditions and revocation of probation, the court is required to sentence Wilson to a term of imprisonment if it finds that she has violated the conditions of her probation by failing the urinalysis test, or whether, alternatively, it has discretion to impose a program of drug treatment without incarceration...[T]he court concludes that it does have discretion to sentence Wilson to a drug treatment program in lieu of incarceration.

United States v. Wilson, 998 F.Supp. 1377 (M.D. Alabama 1998).

The Courts of Appeal to examine this issue have also emphasized the discretion available to courts. As the Sixth Circuit observed, "18 U.S.C. § 3583(d), which provides an exception to mandatory revocation when a failed drug test is the source of the possession, seems to have been enacted to remove any undue strictness of requiring revocation in all instances and to restore discretion to the district judge." United States v. Crace, 207 F.3d 833, 837 (6th Cir. 2000). Put

another way, "For individuals like Crace who have failed a drug test, the district court must consider whether an appropriate substance abuse program was available, and whether enrollment in such a program was an option preferable to prison." United States v. Crace, 207 F.3d at 835.

Clearly, this statutory exception is no fluke. On the contrary, "18 U.S.C. § 3583(d)...was enacted at the same time as § 3583(g)." United States v. Pierce, 132 F.3d 1207, 1208 (8th Cir. 1997). Thus, the otherwise mandatory provisions of 18 U.S.C. § 3583(g) cannot be read in isolation:

> In our opinion, reading the Violent Crime Control and Law Enforcement Act of 1994 as a whole permits a sentencing court to choose whether to impose a program of treatment rather than incarceration if one on [supervised release] fails a drug test. This interpretation is supported by the Commentary to § 7B1.4 of the United States Sentencing Guidelines...

United States v. Pierce, 132 F.3d at 1208. Since the Eighth Circuit was uncertain that the district court had been aware of this alternative, it remanded the case for resentencing. United States v. Pierce, 132 F.3d at 1208-09.

Notably, even the government had conceded in Pierce that "the court may provide for treatment without revoking the offenders' (sic) release.'" United States v. Pierce, 132 F.3d at 1208, quoting Government's Brief at 10. Additional treatment is exactly what Oliver Dotts most needs, and what he is respectfully seeking from this Court.

### 3. Sentencing Guidelines

As do the pertinent statutes, the advisory Sentencing Guidelines call for revocation and a term of imprisonment under certain circumstances:

> Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance or firearm or by refusing to comply with a condition requiring drug testing, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. §§ 3565(b), 3583(g).

U.S.S.G. 7B1.4, App. Note 5. However, the Sentencing Commission did not intend, any more than

5

did Congress, to completely divest a court of discretion in such matters:

> In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a), 3583(d).

U.S.S.G. 7B1.4, App. Note 6.

As the cases cited supra indicate, courts analyzing this issue have primarily discussed the statute upon which U.S.S.G. § 7B1.4, Application Note 6 is based. However, the Eighth Circuit added that its interpretation of 18 U.S.C. § 3583(d) "is supported by the Commentary to § 7B1.4 of the United States Sentencing Guidelines..." United States v. Pierce, 132 F.3d 1207, 1208 (8th Cir. 1997). Significantly, none of the courts which faced this issue have regarded the Sentencing Guidelines as being more restrictive than 18 U.S.C. § 3583(d).

## IV. Conclusion

Oliver Dotts is a man in need of treatment for the drug addiction and mental health issues which have plagued him for so many years. Rather than send Mr. Dotts to prison for years based on his admitted possession of controlled substances, Oliver Dotts asks for the remedy which will most benefit not only himself, but society as a whole.

/s/ Daniel G. Cronin
DANIEL G. CRONIN
Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT
OLIVER M. DOTTS

# **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 5, 2007, he provided a copy of this Sentencing Memorandum to:

Angela Scott
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208

via electronic filing with the Clerk of Court using the CM/ECF system, and to:

Reginald C. Box, Jr.
Senior U.S. Probation Officer
650 Missouri Avenue
East St. Louis, Illinois 62201

via fax transmission.

/s/ Daniel G. Cronin
DANIEL G. CRONIN